UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PRESS GANEY ASSOCIATES., INC. and PG HOLDCO, LLC, | ) ) ) |
| Plaintiffs/Counterdefendants, | ) ) |
| v. | ) ) |
| REGINALD W. DYE, | ) ) |
| Defendant/Counterclaimant, | ) ) |
| v. | ) ) |
| VESTAR CAPITAL PARTNERS V, L.P., | ) ) |
| Counterdefendant. | ) ) |

CAUSE NO. 3:12-cv-437-CAN

**OPINION AND ORDER**

On March 19, 2014, this Court issued an opinion and order granting summary judgment and directing the Clerk to enter judgment in favor of Plaintiffs/Counterclaim Defendants, Press Ganey Associates, Inc. ("Press Ganey") and PG Holdco, LLC (" PG Holdco"), and Counterclaim Defendant, Vestar Capital Partners V, L.P. ("Vestar"). Since then, Defendant/Counterclaimant, Reginald W. Dye ("Dye") has filed two motions related to enforcement of the judgment. First, on March 31, 2014, Dye filed his Motion to Stay the Court's 3/19/14 Order and 3/20/14 Judgment Pending Appeal. On April 2, 2014, Press Ganey and PG Holdco filed their objection to Dye's motion for stay. Dye filed no reply. Second, after Press Ganey and PG Holdco filed their Bill of Costs on April 3, 2014, Dye filed his Motion for the Court to Review the Clerk's Notice of Costs and in Opposition to Plaintiffs' Bill of Costs, Declaration and Brief in Support on April 8, 2014. Press Ganey and PG Holdco filed no response to Dye's motion to review of

costs. On April 14, 2014, Dye filed his Notice of Appeal to the Court of Appeals for the Seventh Circuit. Because Dye's motions only affect the enforcement of the judgment issued by this Court and not the substantive matters on appeal, the Court now resolves Dye's motions. *See United States v. Woodard*, 744 F.3d 488, 495 (7th Cir. 2014); *United States v. Brown*, 732 F.3d 781, 787 (7th Cir. 2013) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)); *see also Grube v. Lau Indus., Inc.*, 257 F.3d 723, 731 (7th Cir. 2001).

I. **MOTION TO STAY JUDGMENT PENDING APPEAL, DOC. NO. 116**

Under Rule 62(d) of the Federal Rules of Civil Procedure, an appellant may obtain a stay of the execution of a judgment pending appeal through a supersedeas bond. *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988). A court, however, may waive the supersedeas bond requirement after considering the following factors:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment . . . ; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Id.* at 904–05 (internal quotations and citations omitted). Even when a notice of appeal is filed, "divest[ing] the district court of jurisdiction over any matters dealing with the merits of the appeal, . . . the district court retains jurisdiction over any issues relating to the enforcement of the judgment or the supersedeas bond." *Sheldon v. Munford, Inc.*, 128 F.R.D. 663, 665 (N.D. Ind. 1989).

In this case, Dye has neither sought Court approval of a supersedeas bond nor provided the Court with any information about the complexity of the collection process, the amount of

2

time required to obtain a judgment if affirmed on appeal, the availability of funds to pay the judgment, or his financial situation to suggest that a waiver of the bond requirement would be appropriate. Therefore, Dye has failed to demonstrate that he will have the resources to satisfy the judgment should the Court of Appeals affirm it. Moreover, Dye's argument that a stay of the judgment pending appeal would be in the best interest of judicial economy is unpersuasive. Dye implies that Press Ganey and PG Holdco would benefit from the additional time afforded by a stay to prepare any bill of costs. By filing their Bill of Costs on April 3, 2014, however, Press Ganey and PG Holdco have shown that they do not require the additional time. In addition, any economy gained by the Court should a stay delay a ruling on the Bill of Costs is minimal and outweighed by the prejudice to Press Ganey and PG Holdco arising from the delay in seeking satisfaction of the judgment amount of $92,685.06 that a stay would create.

Therefore, because Dye has failed to meet the supersedeas bond requirement of Rule 62(d) and because Press Ganey and PG Holdco could be prejudiced by a stay without a bond in place, the Court **DENIES WITHOUT PREJUDICE** Dye's motion for stay pending appeal. [Doc. No. 116].

## II. MOTION FOR REVIEW OF PLAINTIFFS' BILL OF COSTS, DOC. NO. 121

In the instant motion, Dye raises two arguments for rejecting Press Ganey and PG Holdco's Bill of Costs and ordering the parties to bear their own costs in this action. First, Dye contends that Press Ganey and PG Holdco's only qualify as prevailing parties related to $0.75 of the costs reflected on their Bill of Costs. In particular, Dye argues that Press Ganey and PG Holdco did not prevail on the issue of whether Press Ganey and Intellimed were direct competitors, an issue that was the subject of substantial discovery among the parties generating

3

most of the costs reflected on the instant Bill of Costs. As a result, this case resulted in a mixed judgment for which costs should not be awarded. Second, Dye argues alternatively that Press Ganey and PG Holdco's cited costs are unreasonably high in light of the ultimate irrelevance of the direct competion issue, excessive transcription, video, and copying charges, cost limits on transcription within the Northern District of Indiana, and the alleged hearsay testimony of Press Ganey and PG Holdco's counsel in his affidavit.

A. **Standard of Review**

Federal Rule of Civil Procedure 54(d) states, "except when express provision therefore is made either in a statute of the United States or in these rules, costs shall be allowed as a matter of course to the prevailing party unless the court directs otherwise." Congress has established that

> [a] judge or clerk of any court of the United States may tax as costs the following:
>
> > (1) Fees of the clerk and marshal;
> >
> > (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> >
> > (3) Fees and disbursements for printing and witnesses;
> >
> > (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> >
> > (5) Docket fees under section 1923 of this title;
> >
> > (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C.A. § 1920. Rule 54 provides a strong presumption that a prevailing party will recover

costs. *See Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). "A party prevails for purposes of Rule 54(d) when a final judgment awards it substantial relief." *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 573 F.3d 523, 525 (7th Cir. 2009). "When one party gets substantial relief it 'prevails' even if it doesn't win on every claim." *Slane v. Mariah Boats, Inc.*, 164 F.3d 1065, 1068 (7th Cir. 1999) (citation omitted). Rule 54 also grants the district court discretion in determining the extent of costs to be awarded to the prevailing party. *Id.* (citing *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995). When taxing costs against a losing party, a court must determine two things: (1) whether the costs are recoverable under Section § 1920, and (2) whether the costs are reasonable and necessary. *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000) (citing *Weeks*, 126 F.3d at 945).

### B. Substantial Relief and Prevailing Parties

In this case, the Court awarded Press Ganey and PG Holdco $92,685.06 plus costs and awarded Dye nothing. Press Ganey and PG Holdco won on their breach of contract claim and all questions in their declaratory judgment claim. Moreover, Dye lost on all of the counts alleged against Press Ganey and PG Holdco, including his race and age discrimination, retaliation, intentional infliction of emotional distress, and breach of contract claims as well as all aspects of Dye's declaratory judgment claim.

Dye raises no argument to challenge Press Ganey's and PG Holdco's success on these claims. However, his assertion that costs related to the question of whether Intellimed and Press Ganey were direct competitors should not be taxed against him is misplaced. Dye wants the Court to deny Press Ganey and PG Holdco prevailing party status simply because one theory that both parties explored thoroughly during discovery did not develop into a material part of the

5

resolution of the parties' claims against each other.  Dye relies upon authority showing that mixed-outcome cases, where a party prevails on less than all the claims alleged, justify orders requiring parties to bear their own litigation costs.  *See, e.g.*, *Fox v. Vice*, 594 F.3d 423, 428 (5th Cir. 2010); *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 670–71 (Fed. Cir. 2000); *Testa v. Vill. of Mundelein*, 89 F.3d 443, 447 (7th Cir. 1996); *Myers v. Cent. Fla. Invs., Inc.*, No. 6:04-cv-1542-Orl-28DAB, 2008 WL 5100531, at *2 (M.D. Fla. Dec. 3, 2008).  But this is not a mixed-outcome case.

Dye confuses "claims" and "theories."  The parties here expended resources through discovery attempting to understand and apply the theory of direct competition to their breach of contract claims.  Even though the theory of direct competition did not pan out as the parties anticipated during discovery, Press Ganey and PG Holdco still prevailed on their breach of contract claim while Dye failed on his and all others.  Therefore, because Press Ganey and PG Holdco obtained substantial relief, they qualify as prevailing parties and deserve to receive the full benefit of costs allowed under Rule 54(d).

**C.     Reasonable and Necessary Costs**

With their Bill of Costs, Press Ganey and PG Holdco submitted to the Court documentation of their billed costs along with a Declaration from Mr. McLaughlin, their attorney, asserting simply that the billed costs were accurate and necessarily obtained for use in this case.  Dye contends that Press Ganey and PG Holdco are asking the Court to impose costs on him that were not necessary and were incurred merely for the convenience of their former counsel.  Specifically, Dye challenges the billed fees for printed or electronically recorded

transcripts.[1]  Press Ganey and PG Holdco have not responded to Dye's motion challenging the Bill of Costs.

Among taxable costs are "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2).  Section 1920(2) also incorporates deposition costs as taxable to the losing party.  *See Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 454 (7th Cir. 1998); *Daniels v. Michiana Metronet, Inc.*, Cause No. 1:09-CV-00121, 2010 WL 2680074, at *2 (N.D. Ind. 2010).  "While the determination of necessity must be made in light of the facts known when the transcript was requested, the introduction of testimony from a transcript is not a prerequisite for finding that it was necessary."  *Majeske*, 218 F.3d at 825 (citations omitted).  "[C]ourts may not tax the costs of transcripts . . . provided merely for the convenience of the requesting attorney." *Barber v. Ruth,* 7 F.3d 636, 645 (7th Cir.1993).  However, a transcript need not be "absolutely indispensable in order to provide the basis of an award of costs." *Id.*

Presuming that Press Ganey and PG Holdco, as prevailing parties, deserve to recover their costs of litigation given their success on all claims, and without any evidence to support Dye's bald assertions that assorted transcription services were unnecessary and unreasonable, the Court will not limit Press Ganey and PG Holdco's recovery for transcription costs resulting from tactical decisions in their litigation of this case.  To do so would amount to an unfair penalty on them as prevailing parties.  With that in mind, the Court now addresses Dye's four specific

---

[1] Dye also challenged the travel costs incurred by Alberto Vega and Andrew Lambert for their August 2013 depositions.  *See* Doc. No. 118-1 at 15–19.  However, the only rationale he gave was that their depositions were unjustified because the sole purpose for the depositions was exploration of their knowledge of the competitive relationship between Intellimed and Press Ganey.  Because the Court has already dismissed this rationale and because Dye has not argued that the travel costs were otherwise unnecessary or unreasonable, the Court will not address the travel costs further.

challenges to the costs billed for transcripts.

First, the Court refuses to limit Press Ganey and PG Holdco's recovery of real-time transcription[2] costs incurred with some of their depositions.  Dye argues that Press Ganey and PG Holdco's counsel did not need real-time transcription simply because his counsel did not order or need real-time transcription for any depositions in this case.  The fact that Dye's counsel did not need real-time transcription does not negate Press Ganey and PG Holdco's counsel's need for real-time transcription.  Similarly, Dye's counsel's transcription decisions did not preclude Press Ganey and PG Holdco's counsel from making different decisions about how to use transcription services best to advocate for their clients.  Press Ganey and PG Holdco's counsel notably did not use real-time transcription for all of the depositions.  From that, the Court infers that strategy decisions were made about the value of particular deponents to their case, which implies that real-time transcription was a necessity with the deponents for which it was used.

Second, the Court is equally unpersuaded by Dye's challenge to the deposition video recording costs  incorporated into Press Ganey and PG Holdco's Bill of Costs.  Dye contends that the video costs were unnecessary and unreasonable because no video was ever used or submitted to the Court.  While there is no doubt that Press Ganey and PG Holdco did not use the videos in making their case before the Court, the Court refuses to limit their recovery of these costs.  Video depositions are regularly used at trial or in other proceedings where sworn testimony is presented.  Press Ganey and PG Holdco should not be penalized for choosing to ensure that testimony from their key witnesses would be available for future proceedings if only

---

[2]Real-time transcription is the electronic data flow from the court reporter to the computer of each person or party ordering and receiving the real-time transcription as the proceeding occurs.

through video.

Third, the Court also will not limit Press Ganey and PG Holdco's recovery of their costs for color copies of deposition exhibits. Dye similarly disputes the necessity and reasonableness of these costs because they were admittedly never used or submitted to the Court. And once again, the lack of use in court is not determinative as to the need and reasonableness of these costs for the same reasons cited above.

Fourth, the Court agrees with Dye that any reimbursement for transcription costs is limited by General Order 2011-13 of the Northern District of Indiana available at http://www.innd.uscourts.gov/generalorders/2011-13.pdf. Unfortunately, however, the Court cannot discern from Dye's unsupported calculations in his brief whether the transcription costs submitted in the Bill of Costs exceed the Northern District's reimbursement rates. Moreover, the Court presumes, in the absence of any contrary evidence, that the invoices submitted by Press Ganey and PG Holdco are appropriate. If this presumption is incorrect and the current Bill of Costs is outside the District's parameters, Press Ganey and PG Holdco may amend their Bill of Costs accordingly and provide the necessary documentation to support their amendment.

Lastly, the Court rejects Dye's argument that attorney McLaughlin's Declaration, attached to Press Ganey and PG Holdco's Bill of Costs, fails to provide the evidentiary foundation necessary to show that the costs incurred were necessary and reasonable. Dye contends that McLaughlin's testimony is inadmissible hearsay based on his consultation with Press Ganey and PG Holdco's former counsel regarding all but $0.75 of copying expenses incurred before McLaughlin entered his appearance. Limiting prevailing parties to costs incurred while their current counsel represented them flies in the face of the intent of Rule 54(d)

to compensate prevailing parties for costs they would not have had to incur but for the conduct of the losing party. Moreover, Press Ganey and PG Holdco provide additional documentation in the form of invoices and receipts to substantiate their costs. And, McLaughlin's Declaration essentially duplicates the Declaration he signed as part of the court's Bill of Costs form, the propriety of which Dye does not challenge.

### D. Conclusion

Because Press Ganey and PG Holdco have obtained substantial relief in this action, the Court finds that they are prevailing parties under Rule 54(d) and should be awarded costs despite the Court's decision not to address the direct competitor issue in its Opinion and Order. The Court rejects Dye's objections to Press Ganey and PG Holdco's Bill of Costs on the grounds of necessity and reasonableness except to the extent that the billed transcription costs may exceed the per-page reimbursement limits established by the Northern District of Indiana.

## III. CONCLUSION

For the reasons stated above, the Court **DENIES WITHOUT PREJUDICE** Dye's motion for stay pending appeal. [Doc. No. 116]. In addition, the Court **DENIES** Dye's motion for review of costs. [Doc. No. 121]. If Press Ganey and PG Holdco wish to submit an amendment or supplement to their Bill of Costs as outlined above, such must be filed by **May 19, 2014**. Dye may file any objection to Press Ganey and PG Holdco's amendment or supplement by **May 26, 2014**.

**SO ORDERED.**

Dated this 8th day of May, 2014.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge